Loring, J.,
delivered the opinion of the court:
The case was heard on demurrer. The material facts are that spirits distilled by the claimants, in 1864, were inspected at the distillery and marked and carried to a bonded warehouse, from which they were afterwards removed for consumption and sale. While the spirits were in the bonded warehouse a portion of them was lost by evaporation and leakage $ but the claimants were required to pay the duties on the whole quantity found at the inspection. They seek in this action to recover back the amount of duties paid on the portion of the spirits lost by evaporation and leakage in the bonded warehouse.
The question is, when did the duties attach ?
The 59th section of the act of 1864, chapter 173, (13 Stat. L., 244,) provides that all spirits, before they are used or removed for any purpose, shall be inspected, and the quantity and proof marked with permanent marks, which are protected by penalties. These marks are the criteria for assessing the duty, and when they are made the duty, attaches to all the spirits inspected according to those marks — absolutely to all spirits not removed to a bonded warehouse, and conditionally to those that are; and the condition is, unless the spirits are exported. If the spirits are exported, the condition takes effect and defeats the conditional assessment of the duty. But if the spirits are not exported, but are removed from the bonded warehouse for consumption or sale, then the condition is defeated, and the conditional assessment of the duty becomes absolute and as if absolute from the beginning..
*97 The reasons for the construction made are as follows:
1. The duty on spirits removed to a bonded warehouse attach at the inspection, because the quantity and proof are fixed and marked then, and from that is calculated any deficiency or reduction of the number of proof gallons from subsequent circumstances, as from transportation or redistillation, &c. (Section Gl.)
2. Such assessment of duty is necessarily conditional, because spirits removed to a bonded warehouse may be exported, and exports are not subject to duty.
3. If the spirits are not exported, the conditional assessment of duty becomes as if absolute from the beginning, because, from the nature of a condition, when it is avoided it is avoided from the beginning, and all other things are as if it had never been.
4. Where the spirits are removed from a bonded warehouse for consumption and sale, as these were, the only means provided by the statute for assessing the duty is the inspection at the distillery, and the quantity and proof then found and marked.
When the spirits, in this case, were removed to the bonded warehouse, the quantityfoundby the inspection was the existing property of the claimants, to which the duty had attached, subject to be defeated by the exportation of the spirits and by that only. And when the claimants removed the spirits from the bonded warehouse for consumption or sale, they fixed the fact that they were not to be exported; and then the duty became immediately payable, as in all other cases of spirits removed for consumption or sale.
As, while the spirits Avere in the bonded warehouse, they were the property of the claimants, the leakages were at their risk by the general law of property. And so they would be by the policy of our revenue laws, as shown in the analogous case of imported spirits as to which no allowance for leakage in a bonded warehouse is permitted. Stat. 28th March, 1854, (10 Stat. L., 270,) and the Statute of 1864, chapter 173, though it provides for leakages by transportation, (section 61,) and thus shows that the subject of leakage was in the minds of the legislature, makes no allowance and no provision for leakage in a bonded warehouse.
If, when the spirits were removed to the bonded warehouse, they were the existing property of the claimants on which the duty had been assessed, then this case is entirely different *98 from, those cited for the claimant: from that of Pennington v. Coxe, (2 Cranch, 33,) because in that the sugars assessed had not béen u sent out” from the refinery, and therefore were not subject to duty under the statute; from the cases of Marriott v. Brune, (9 How., 639,) and Lawrence v. Cadwell, (13 How., 495,) for in those the leakages assessed had occurred on the voyage of importation, and were not brought into the country, and therefore were never imports nor subject to duty.
On the construction of the statute made, a majority of the court are of opinion that the claimants cannot recover the duties paid on the spirits lost by leakage in the bonded warehouse, and there would seem to be neither injustice nor hardship in this; for the statute of 1864, section 60, contemplates that the bonded warehouse is the store of the owner of the spirits, who holds them there at his own option and for his own purposes and profit; and he has access to them at all reasonable times and for all proper purposes, and the sufficiency and preservation of his casks are matters for his responsibility, and the joint ■custody of the government of his warehouse and spirits is only that supervision that may prevent frauds on the revenue.
Judgment is to be entered for the defendants.